IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS LURON HARRIS | § | |
| | § | |
| v. | § | C.A. NO. C-10-093 |
| | § | |
| RICK THALER | § | |

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at Lopez State Jail in

Edinburg, Texas.  (D.E. 15).  On March 8, 2010, Petitioner filed this pro se habeas

corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction.  (D.E. 1).

Pending is Respondent's motion for summary judgment.  (D.E. 17).  Petitioner

filed a motion to set aside judgment of conviction on July 12, 2010, which is

construed as a response to Respondent's motion.  (D.E. 22).  For the reasons stated

herein, it is respectfully recommended that Respondent's motion be granted, and

this habeas action be dismissed without prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson,

235 F.3d 959, 961-62 (5th Cir. 2002).  Because Petitioner was convicted in Nueces

County, Texas, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

A grand jury in Nueces County, Texas indicted Petitioner on October 9, 2008 for delivery of cocaine.  (D.E. 17, at App. B).  On November 10, 2009, he was convicted of that charge by a jury in the 105th Judicial District Court of Nueces County and sentenced to eighteen months of imprisonment and a $500 fine.  Id. at App. A.  He did not file an appeal, petition for discretionary review, or a state habeas petition.  Id. at App. C; (D.E. 1, at 3-4).

## III.  DISCUSSION

Petitioner claims (1) his extradition violated his equal protection, privileges and immunities, and due process rights, (2) he received ineffective assistance of counsel, (3) the trial court was biased, (4) the trial court erred by prohibiting him from using his extradition as evidence, (5) he was subjected to double jeopardy, (5) he was convicted with illegally seized evidence and false testimony, (6) he was illegally entrapped by police, (7) and his indictment was forged by police.  (D.E. 1, at 7-8).  Respondent asserts that Petitioner's claims are procedurally barred because he failed to exhaust his state court remedies.  (D.E. 17, at 1).

**A.      The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations

omitted).  Summary judgment is appropriate when there is no disputed issue of

material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c).  Courts must consider the record as a whole, including all pleadings,

depositions, affidavits, interrogatories and admissions on file, in the light most

favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002).

The party seeking summary judgment bears the initial burden of

demonstrating an absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence

must be viewed in the light most favorable to the non-movant, and all reasonable

doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife

Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation

omitted).  The non-movant cannot merely rest on the allegations of the pleadings,

but must establish that there are material controverted facts in order to preclude

summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the

non-movant fails to make a showing sufficient to establish the existence of an

element essential to his case on which he bears the burden of proof.  Celotex, 477

U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir.

1995) (citations omitted).

**B.     Petitioner Failed To Exhaust His State Remedies.**

A federal writ of habeas corpus from an inmate in state custody shall not be

granted unless: (1) the inmate has exhausted his legal remedies in the state courts;

(2) state corrective processes are absent; or (3) circumstances render such

processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).

This exhaustion requirement is satisfied when the substance of each claim has been

fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526

U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation

omitted); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." <u>Ruiz v. Quarterman</u>, 460 F.3d 638, 643 (5th Cir. 2006) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-77 (1971)). The petitioner must also present his claim in accordance with the state court's procedural rules. <u>Mercadel v. Cain</u>, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim. <u>Fisher</u>, 169 F.3d at 300 (citing <u>Coleman v. Thomas</u>, 501 U.S. 722, 729 (1991)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." <u>O'Sullivan</u>, 526 U.S. at 845 (citations omitted). In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 4.04; <u>Richardson v. Procunier</u>, 762 F.2d 429, 431-32 (5th Cir. 1985).

    Petitioner admits that he has not filed an appeal, petition for discretionary

review, or a state habeas petition.  (D.E. 1, at 3-4).  Therefore, he has failed to present his claims to the highest court in Texas and this Court is procedurally barred from reviewing them in a habeas proceeding.  See O'Sullivan, 526 U.S. at 842; see also Fisher, 169 F.3d at 302; Ruiz, 460 F.3d at 643.[1]

Accordingly, it is respectfully recommended that Petitioner failed to exhaust his state remedies.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address

---

[1] Although Petitioner has not yet exhausted his state court remedies, he can still do so by presenting his claims to the Texas Court of Criminal Appeals through a state habeas petition. Texas does not impose a statute of limitations for filing a habeas petition.  See Tex. Code Crim. Proc. art. 11.07; accord Moore v. 204th Dist. Court, No. 08-CV-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (unpublished).  Furthermore, ample time remains for him to refile his federal petition if his state petition were denied.  The limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA") for filing a federal habeas petition pursuant to § 2254 is one year beginning at the latest of four potential dates.  28 U.S.C. § 2244(d)(1).  In Petitioner's case, the period began running when his time to seek direct review expired.  See id. In Texas, a defendant has thirty days from the date a sentence is imposed to file a notice of appeal.  Tex. R. App. P. 26.2(a)(1).  Because his sentence was imposed on November 10, 2009, (D.E. 17, at App. A), the AEDPA limitations period did not begin running until December 10, 2009, and will not expire until December 10, 2010.  That period will not be tolled for the time in which this present petition was pending.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001). However, once Petitioner properly files his state petition, the AEDPA limitations period will be tolled while it is pending.  28 U.S.C. § 2244(d)(2).

whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 17), be granted, and the petition, (D.E. 1), be dismissed without prejudice. Moreover, it is respectfully recommended that Petitioner's motion to set aside judgment of conviction, (D.E. 22), be denied without prejudice. Finally, it is respectfully recommended that a certificate of

appealability be denied.

Respectfully submitted this 21st day of July 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).